

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JOSE LUIS MORALES GODINEZ**

         **Petitioner,**

vs.

**LEVI HELEM MORALES GODINEZ**

         **Respondent**

**Civil Action:**

---

## REQUEST FOR EXPEDITED CONSIDERATION OF VERIFIED PETTION FOR RETURN OF CHILDREN TO MEXICO AND ISSUANCE OF SHOW CAUSE ORDER

**Petitioner, Jose Luis Morales Godinez (the "Father"), by and though his undersigned attorney, hereby requests expedited consideration of his Verified Petition for Return of Children to Mexico against Respondent, Levi Helem Morales Godinez (the "Mother"), and states the in support thereof as follows:**

## INTRODUCTION

1. Petitioner, Jose Luis Morales Godinez (the "Father"), has filed a Verified Petition for Return of Children to Mexico ("Petition for Return") simultaneously with the filing of this Request for Expedited Consideration.

2.  Respondent's, Levi Helem Morales Godinez, (the "Mother") unjust and wrongful removal and retention of the parties' three children, J.A.M.M., born S.D.M.M., born              , and E.M.M.M., born . "children") from Mexico, their habitual residence to the United States of America began on or about, December 26, 2021.

3.  At no time did the Father authorize the Mother to leave with the Children to the United States.  The Mother left without Father's knowledge.

4.  The Mother has refused to return the Children to Mexico and instead retains the Children in the United States.

5.  Immediately thereafter, the Father worked diligently and promptly to retain counsel, to submit his Hague Convention Return Application to the Mexican Central Authority, which transmitted the application to the United States Department of State Office of Children's issues, to file his Petition for Return and to take all available legal remedies to seek the Children's prompt return to Mexico.

6.  The Father has not had any in-person access to the Children since they were wrongfully removed from Mexico to the United States in or about December, 2021.

7.  The Father therefore requests expedited consideration of his Petition for Return as fully explained below pursuant tot the treaty's mandate and Hague Convention authority.

ARGUMENT

8.  The Convention came into effect in the United States of America on July1, 1988, and was also ratified between the United States of America and Mexico on October 1, 1991.  The objects of the Convention are to: (1) secure the immediate return of

children wrongfully removed of wrongfully retained in any Contracting States; and (2) ensure that the rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States, Convention, art. 1.

9. The Hague Convention contemplates an outside limit of six weeks for the determination of the merits of a wrongful removal case from the date of filing. Convention, art. 11.

10. ICARA establishes that Hague Convention cases should not follow the standard civil action schedule. Rather Contracting States shall use the most expeditious procedures available, Convention, art 11.

11. Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. For this purpose, they shall use the most expeditious procedures available, Convention, art. 2.

12. The Supreme Court of the United States has also confirmed that the "Hague Convention mandates the prompt return of children to their countries of habitual residence." Chafin v. Chafin, 133 S. Ct. 1017,1028 (2013).

13. It is therefore now settled that Hague Convention cases should not proceed with the issuance of a writ of summons, twenty-one days for the filing of a responsive pleading and establishment of a scheduling order. These cases must be expedited and must proceed first with the immediate issuance of a show cause order, then appearance of the Respondent and Children at an initial expedited show cause and scheduling hearing, and then the case proceeds to an expedited evidentiary hearing on the petition for return.

14. In addition, 28 U.S.C. sec. 1657 states, in pertinent part, "The court shall expedite the consideration of any action…if good cause therefore is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute…would b e maintained in a factual context that indicates that a request for expedited consideration has merit."

15. Applying Section 1657 here, the Hague Convention is a treaty under Article VI of the United States Constitution and such cases are governed by statute, namely 22 U.S.C. sec. 9001 et. seq. The Father's Hague Convention case presents a factual context indicating this request for expedited consideration has good merit.

16. The importance of securing the attendance of the Mother forthwith through the mechanism of a Show Cause Order cannot be underestimated. ICARA is unequivocal that a Hague Convention petitioner can only bring a Hague Convention action in the place where the children are located. ICARA at, sec. 9004.

17. The issuance of a Show Couse Order that contains an admonishment to the Mother to appear before this Honorable Court or be subject to its contempt powers is the appropriate and proportional mechanism in this case to ensure that the Mother will appear, and not flee with thee child from this Court's Jurisdiction.

18. There, in accordance with the Hague Convention, ICARA, 28 U.S.C. sec. 1657, the requirement of the Supreme Court of the United States that courts use the most expeditious procedure available, and the good and meritorious cause to expedite consideration of Father's Petition, this Court should enter a Show Cause Order forthwith in the form submitted to this Court, setting a date for the Mother to appear with the Children, on the first date available on the Court's calendar, and thereafter

allowing for full resolution of this matter within six weeks of the date of filing this request.

WHEREFORE, Petitioner, Father, respectfully requests the following relief:

A.    That a Show Cause Order in the form submitted to this Honorable Court be entered forthwith, setting a date for the Respondent, Mother, to appear with the Children, on the first date available on the Court's calendar, for an initial show cause and scheduling hearing; and

B.    That an evidentiary hearing be scheduled within six weeks of the filing of this Request for Expedited Consideration;

C.    That Petitioner' counsel may appear telephonically and/or by other contemporaneous means on any days allowed by the Court including on the return date of the Order to Show Cause; and

D.    That this Honorable Court grant such other and further relief as justice and its cause requires.

Respectfully Submitted,

Jean Ramatowski, Esq.
Attorney for Petitioner
850 Carolier Lane, 2nd floor
North Brunswick, New Jersey 08902



## VERIFICATION

I, Jose Luis Morales Godinez, do solemnly declare and affirm under the penalties of perjury under the laws of the United States of America that I have read the Petition and I know the contents thereof; that the same is true to my own knowledge and belief, except as to those matters and things therein alleged on information and belief and as to those matters and things, he believes them to be true.

_____          27/05/2022
Jose Luis Morales Godinez                 Dated

Subscribed and sworn to before me
This __27__ day of __May__, 2022

_Marcelo Rossetto Armida_
Notary Public

My Commission Expires:___ N/A ___

--- Yo, **MARCELO ROSSETTO ARMIDA**, titular de la Notaría número Ciento Ochenta y Cinco del Estado de México, con residencia en Naucalpan de Juárez, **CERTIFICO:** que ante mí, suscribió y reconoció su firma en el presente documento y ratificó el contenido del mismo para todos sus efectos legales, **JOSÉ LUIS MORALES GODÍNEZ**; de cuya comprobación de firma levanté en el protocolo de la notaría a mi cargo, el acta marcada con el número **CUATRO MIL TRESCIENTOS SESENTA** , de fecha veintisiete de mayo del año dos mil veintidós y, como lo dispone el artículo ciento cinco de la Ley del Notariado del Estado de México, el citado compareciente firmó el acta antes relacionada.-------------------------------------------------------------------------
--- El compareciente declara que el texto del documento cuya firma ratifica no requiere de traducción, debido a que conoce en todos sus términos el contenido del mismo y en lo que éste consiste, liberando al suscrito Notario de cualquier responsabilidad que pudiera derivar del mismo.------------------------------------
--- La presente certificación queda protegida con un kinegrama. - DOY FE.-----------------------------------------
--- Naucalpan de Juárez, Estado de México, a veintisiete de mayo del año dos mil veintidós.---------------------
LOFR
OP. 5651

LIC. MARCELO ROSSETTO ARMIDA
NOTARIO 185 DEL ESTADO DE MÉXICO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSE LUIS MORALES GODINEZ

                     Petitioner,          |     **Civil Action:**

vs.

LEVI HELEM MORALES GODINEZ

                     Respondent

---

The Convention on the Civil Aspects of International Child Abduction done, at The Hague on October 25,1980:  The International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq.

Before the Court is the Verified Petition for Return of Children to Mexico and Request for Issuance of Show Cause Order ("Verified Petition for Return").  This Order addresses only the Petitioner's request for the issuance of a Show Cause Order; and makes no determination as to the merits of the Verified Petition for Return.  Upon considering the Verified Petition for Return, the Convention and ICARA, it is this _____ day of _____, 2022, ORDERED:

1.     That Respondent, Levi Helem Morales (the "Respondent") is prohibited from removing the minor children, J.A.M.M., S.D.M.M., and E.M.M.M., (the children"),

or causing the minor children to be removed from the jurisdiction of this Court, pending final disposition of the above-referenced Verified Petition for Return.

2.    That the Respondent shall appear before this Court on the _____ day of _____, 2022, at _____ a.m./p.m. in Courtroom_____,of the United States District Court for the District of New Jersey, Clarkson S. Fisher Federal Bldg. & U.S. Courthouse, 402 E. State Street, Trenton, New Jersey, 08608, with the minor children.  The initial appearance shall be considered an initial show cause hearing and scheduling hearing so that a date may be set for an expedited evidentiary hearing on the merits of the Verified Petition for Return.  The Respondent may appear with or without counsel.

3.    That if the Respondent either fails to appear on the _____ day of_____, 2022 at _____ a.m./p.m. with the minor children or removes the children or causes the children to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of the Respondent and appearance for a contempt hearing.

4.    That a copy of this Order, and a copy of the Verified Petition for Return, together with all attachments and all other filings, shall be served on or before the_____ day of_____, 2022 upon the Respondent, by the United States Marshal.

5.  That the Respondent shall surrender the children's passports and travel documents to the United States Marshal immediately upon service, to be held for safe-keeping by this Court.

6.  That Petitioner's counsel may appear telephonically and/or by other contemporaneous means on any days allowed by the Court including on the return date of the Order to Show Cause.

DATED this _____ day of _____, 2022.

_____
United States District Judge
U.S. District Court of the District of
New Jersey