**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE LUIS MORALES GODINEZ,<br><br>Petitioner,<br><br>v.<br><br>LEVI HELEM MORALES GODINEZ,<br><br>Respondent. | Civ. A. No. 3:22-cv-3596 (GC) (DEA)<br><br>**MEMORANDUM OPINION** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon Respondent Levi Helem Morales Godinez's ("Respondent" or "Ms. Morales") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) (the "Motion"). (Mot., ECF No. 11.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth herein, and for good cause shown, Ms. Morales' Motion is **DENIED**.

**I.  BACKGROUND**

The instant case concerns the removal of the parties' minor children, J.A.M.M., S.D.M.M., and E.M.M.M, from Mexico to the United States in December 2021, by Ms. Morales, their mother. (*See* Pet. ¶¶ 1-2, 12-13, ECF No. 1-2.) Petitioner Jose Luis Morales Godinez ("Petitioner" or "Mr. Godinez"), the father, seeks the return of his minor children to Mexico in accordance with the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, T.I.A.S. No. 11670, 22514 U.N.T.S. 98, *reprinted in* 51 Fed. Reg. 10494 (1986) (the

"Hague Convention"), as codified by the International Child Abduction Remedies Act, 22 U.S.C. § 9001, *et seq.* ("ICARA"). "Subject to certain exceptions, both the Convention and ICARA mandate the return of a child to the custodial parent when the other parent wrongfully removes or retains the child in violation of the requesting parent's custody rights." *Monzon v. De La Roca*, 910 F.3d 92, 94-95 (3d Cir. 2018). It is uncontested that both the United States and Mexico are signatories to the Hague Convention.

On June 8, 2022, Mr. Godinez filed a Request for Expedited Consideration of Verified Petition for Return of Children to Mexico and Issuance of Show Cause Order (*see* ECF No. 1), to which he attached his Verified Petition for Return of Children to Mexico and Issuance of Show Cause Order (the "Petition") (*see generally* Pet., ECF No. 1-2). On June 24, 2022, this Court issued an Order to Show Cause and set a date for an initial hearing (*see* ECF No. 4), which was conducted on July 11, 2022 (*see* ECF No. 7). The Court requested *pro bono* counsel be appointed on behalf of Ms. Morales. (*See* ECF Nos. 6, 8.) Ms. Morales, represented by counsel, filed the instant Motion on August 26, 2022. (*See generally* Mot.) On September 2, 2022, Mr. Godinez opposed (*see* Pet'r's Opp'n, ECF No. 14), and on September 19, 2022, Ms. Morales replied (*see* Resp't's Reply, ECF No. 17).

## II. PARTIES' ARGUMENTS

### A. Ms. Morales' Argument

Ms. Morales moves to dismiss the Petition for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), alleging that Mr. Godinez has not "ple[d] sufficient facts to establish jurisdiction of this Court under Federal law." (*See* Resp't's Moving Br. 2, ECF No. 11-1.) Ms. Morales asserts that to establish jurisdiction under the Hague Convention and ICARA, Mr. Godinez must plausibly allege: (1) "that [Mr. Godinez's] custody rights have been established under the law of the state in

2

which the children habitually resided before they relocated;" and (2) "that at the time the children moved, those custodial rights were actually exercised." (*See id.* at 4-5 (citing Hague Convention art. 3(a) & (b), Pet. Ex. F).)[1]

Ms. Morales argues that Mr. Godinez fails to "plead facts evidencing rights to custody under the law of his home state." (*Id.* at 5.) Ms. Morales argues that Mr. Godinez "presents no facts suggesting that he and the mother of the children are married, that they lived as a family unit for the majority of the nine-year relationship, that any legal authority in Mexico granted him any custody rights, or that law in Mexico gives him legal authority over [Ms. Morales'] ability to relocate with the children." (*Id.*) Moreover, Ms. Morales argues that Mr. Godinez has not explained why the children's birth certificates reflect that they were born in the state in which Ms. Morales' family is located, which is a different state than that in which Mr. Godinez resides. (*See* Resp't's Reply Br. 3, ECF No. 17.)

Ms. Morales also argues that Mr. Godinez is "not entitled to a presumption of truthfulness of his pleadings" as is the case under a Rule 12(b)(6) analysis, and that even if Mr. Godinez was,

---

[1] Article III of the Hague Convention provides,

> The removal or the retention of a child is considered to be wrongful where –
>
> (a)  It is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> (b)  At the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph (a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

3

"he does not even claim that he has custody of the children such that he can invoke the remedies of [the] Hague Convention and the jurisdiction of this Court." (*Id.* at 4.) Ms. Morales also notes that Mr. Godinez "did not file a legal action in Mexico to seek custody rights until January 2022, after the children had located to the United States." (*Id.*)

### B. Mr. Godinez's Opposition

In response, Mr. Godinez emphasizes that with his initial submission, he provided documented proof which is uncontested that:

> [Mr. Godinez] is the father of the three children, that they each had been attending school near his house in Mexico, that they were all born in Mexico and are citizens of that country. He provided proof that he supports them, is involved in their education, maintains insurance coverage for them, and that they lived with him at his house until [Ms. Morales] took them to the United States without permission or his knowledge after misleading him into believing that she was merely taking them to spend Christmas until New Year['s] with their maternal grandparents in another state in Mexico.

(*See* Pet'r's Opp'n Br. 3, ECF No. 14.)[2] Mr. Godinez argues that Ms. Morales has not submitted any supplemental documentation, in the form of a certification or other evidentiary support, to prove sole custody rights which would enable her to remove the children from their habitual country of residence to the United States without their father's permission. (*See id.* at 7-8.)

Mr. Godinez further argues that this Court has jurisdiction because Ms. Morales "violated [ICARA] by taking children for whom she has not shown any evidence of having been designated the custodial parent, out of their home country[,]" because "[n]o court has designated either party the custodial parent." (*Id.* at 5.) "Thus, just as in New Jersey, both parents have equal custodial rights to the children at this point in time." (*Id.*)

---

[2] Mr. Godinez's brief is not marked with page numbers; therefore, the Court cites to the page numbers recorded by CM/ECF.

4

## III. LEGAL STANDARD

Ms. Morales moves to dismiss the Petition pursuant to Rule 12(b)(1). "In deciding a Rule 12(b)(1) motion, 'a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.'" *Saint-Jean v. Cnty. of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020 (quoting *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017)). A facial attack "is an argument that considers the claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court[.]" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Id.* In other words, "a facial challenge . . . contests the sufficiency of the pleadings," *In re Schering Plough Corp. Intron.*, 678 F.3d 235, 243 (3d Cir. 2012), "whereas a factual attack concerns the actual failure of [a petitioner's] claims to comport [factually] with the jurisdictional prerequisites," *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks and citation omitted) (second alteration in original). "A factual jurisdictional proceeding cannot occur until [the petitioner's] allegations have been controverted." *Const. Party of Pa.*, 757 F.3d at 358 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977)) (finding that it was error for the district court to analyze a 12(b)(1) motion as a factual attack when it was filed prior to any answer or other presentation of competing facts); *see also Leadbeater*, 2017 WL 4790384, at *3 ("When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack.").

The Court examines Ms. Morales' Motion as a facial attack and presumes the factual allegations in the Petition are true. *See In re Schering Plough Corp.*, 678 F.3d at 243 (citing *Gould*

5

*Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the [pleading] and documents referenced therein and attached thereto, in the light most favorable to the [petitioner].")); *see also Constit. Party of Pa.*, 757 F.3d at 358 ("Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing alleged facts in favor of the nonmoving party.").

## IV. DISCUSSION

The Hague Convention sets forth two primary objectives: "(a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." Hague Convention, art. 1. "The Hague Convention does not provide a forum to resolve international custody disputes, but rather it provides a legal process 'to restore the status quo prior to any wrongful removal or retention, and to deter parents from engaging in international forum shopping in custody cases.'" *Karpenko v. Leendertz*, 619 F.3d 259, 263 (3d Cir. 2010) (quoting *Yang v. Tsui*, 499 F.3d 259, 270 (3d Cir. 2007) (hereinafter, *Yang II*)).

ICARA, "the implementing statute for the Convention," *see Monzon*, 910 F.3d at 94 n.5, provides that "[t]he courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention." 22 U.S.C. § 9003(a). A person can seek to enforce his or her parental rights protected by the Hague Convention "by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." *Id.* § 9003(b). As the United States Court of Appeals for the Third Circuit has noted, "ICARA explicitly provides the federal courts with jurisdiction to determine

6

jurisdiction over custody disputes under the Hague Convention." *Yang v. Tsui*, 416 F.3d 199, 204 (3d Cir. 2005) (hereinafter, *Yang I*).

A petitioner "properly invokes [28 U.S.C.] § 1331 jurisdiction 'when [he] pleads a colorable claim "arising under" the Federal Constitution or laws.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). The *Arbaugh* case "concerns the distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." *Id.* at 503. In *Arbaugh*, the plaintiff brought a Title VII action in federal court against her former employer alleging sexual harassment. *Id.* at 503-04. Following a jury verdict in favor of the plaintiff, the defendant-employer moved to dismiss the entire action for lack of federal subject-matter jurisdiction on the grounds that it had fewer than fifteen employees thereby falling outside the scope of Title VII.[3] *Id.* at 504. The Court rejected the defendant's argument holding that the employee-numerosity requirement did not limit the extension of subject-matter jurisdiction, but rather related to the plaintiff's substantive Title VII claim. *Id.* The Court explained that "[s]ubject-matter jurisdiction in federal-question cases is sometimes erroneously conflated with a [petitioner's] need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination." *Id.* at 511 (citing 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)). The Court concluded that "neither § 1331, nor Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3) (authorizing jurisdiction over actions 'brought under' Title VII), specifie[d] any threshold ingredient" for purposes of exercising jurisdiction. *See id.* at 515.

---

[3] "In a provision defining 13 terms used in Title VII, 42 U.S.C. § 2000e, Congress limited the definition of 'employer' to include only those having 'fifteen or more employees,' § 2000e(b)." *Arbaugh*, 546 U.S. at 503.

7

This Court concludes that Mr. Godinez's Petition survives a facial jurisdictional attack pursuant to Rule 12(b)(1), such that this Court properly asserts jurisdiction under 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331. Mr. Godinez commenced this action by filing his Petition with this Court on June 8, 2022, alleging that the parties' children were wrongfully removed from Mexico to the United States. (*See generally* Pet.) Mr. Godinez also alleges that he seeks relief "in the place where the child is located at the time the petition is filed." 22 U.S.C. § 9003(b); (*see* Pet. ¶ 5 ("This Court has Jurisdiction under . . . ICARA sec 9003 because this case involves the wrongful removal and retention of children under the age of sixteen from the children's habitual residence of Mexico and the children are currently located in the jurisdiction of this Court in New Jersey.")). Mr. Godinez initiated this action in a manner consistent with 22 U.S.C. § 9003(b), thereby triggering this Court's jurisdiction under 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331.

Ms. Morales' arguments relate to the veracity of Mr. Godinez's allegations, specifically relating to the children's habitual residence (*see* Resp't's Moving Br. 5 (arguing that Mr. Godinez has not shown habitual residence because he did not demonstrate cohabitation with Ms. Morales)), and the custody rights of the parties at the time of the children's removal which are factors to be analyzed by this Court following further evidentiary proceedings. In other words, Ms. Morales reaches too far towards the merits of the underlying dispute.

Ms. Morales' argument is, essentially, that Mr. Godinez has not stated a colorable claim under ICARA. (*See* Resp't's Moving Br. 2, 4-5.) The Court finds this argument unavailing. The Third Circuit has laid out four questions that must be answered in a wrongful removal or retention case. *Yang II*, 499 F.3d at 270-71 (citing *Karkkainen v. Kovalchuk*, 445 F.3d 280, 287 (3d Cir. 2006)). A court must determine:

> (1) when the removal or retention took place; (2) the child's habitual residence immediately prior to such removal or retention; (3)

8

> whether the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence; and (4) whether the petitioner was exercising his or her custody rights at the time of removal or retention.

*Id.*

Mr. Godinez has pled that he exercised custody rights in December 2021, at the time of the children's removal.[4] (*See* Pet. ¶¶ 7, 11 (averring same); *see also* Pet. Exs. B-D (including copies of the children's birth certificates, documenting that Mr. Godinez is their father).) Mr. Godinez has also stated that the children habitually resided in Mexico prior to their removal.[5] (*See id.* ¶¶ 7 (asserting same), 9 ("The children went to school in Mexico and were completely settled in Mexico and integrated in Mexico's culture."); *see also* Pet. Ex. G (providing the two school-aged children's school records demonstrating that they were enrolled in school in Tlalnepantla, de Baz, Mexico, during the 2021-2022 school year).) Finally, Mr. Godinez has pled wrongful removal.[6] (*See id.* ¶ 12 (claiming that Ms. Morales wrongfully removed the children from Mexico under the premise that she was taking the children to spend Christmas with their grandparents, but later informed him that "she would seek political asylum and he would not see his children again.").)

Mr. Godinez has met his burden of persuading the Court that subject matter jurisdiction is properly exercised over this matter pursuant to 28 U.S.C. § 1331 and 22 U.S.C. § 9003(a). Taking

---

[4] According to the Hague Convention, "rights of custody" are defined as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence[.]" *Id.* art. 5(a).

[5] "[A] child's habitual residence is 'the place where he or she has been physically present for an amount of time sufficient for acclimatization and which has a "degree of settled purpose" from the child's perspective.'" *Karkkainen*, 445 F.3d at 291-92 (citing *Feder v. Evans-Feder*, 63 F.3d 217, 224 (3d Cir. 1995)).

[6] "The terms 'wrongful removal or retention' and 'wrongfully removed or retained', as used in the Convention, include a removal or retention of a child before the entry of a custody order regarding that child[.]" 22 U.S.C. § 9003(f)(2).

9

all of the plausibly pled factual allegations within the Petition as true, *see Constit. Party of Pa.*, 757 F.3d at 358, and duly considering the documentation supporting Mr. Godinez's factual allegations, *see In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc.*, 220 F.3d at 176), Mr. Godinez has asserted a colorable claim under ICARA.

## V. CONCLUSION

Based on the Court's review of the Petition, the Court is satisfied that it may properly assert jurisdiction in accordance with ICARA, 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331, to ascertain the proper forum for further custody proceedings concerning Mr. Godinez's and Ms. Morales' minor children. For the foregoing reasons, and for good cause shown, Ms. Morales' 12(b)(1) Motion to Dismiss (*see* ECF No. 11) is hereby **DENIED**. An appropriate Order follows.

Dated: October 13, 2022

*Georgette Castner*
**GEORGETTE CASTNER**
**United States District Judge**